# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 07/16/2025 12:26:22 PM.
30-2025-01497477-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By R. Gardea, Deputy Clerk.

Howard D. Bruno, SBN 348304
*hbruno@cglaw.com*
**CASEY GERRY**
**FRANCAVILLA BLATT LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: 619.238.1811
Facsimile: 619.544.9232
E-service: *eservice@cglaw.com*

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

Assigned for All Purposes
Judge Kimberly A. Knill

| | |
|---|---|
| MARIBEL RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  30-2025-01497477-CU-PO-CJC<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL**<br><br>1. **Negligence**<br>2. **Strict Products Liability – Design & Manufacturing Defect**<br>3. **Strict Products Liability – Failure to Warn** |

COMES NOW the Plaintiff MARIBEL RODRIGUEZ, and for causes of action against the Defendants, and each of them, complains and alleges as follows:

### NATURE OF THE CASE

**"Injured consumers should be able to seek compensation regardless of how a particular online marketplace makes money."**

-Amazon.com, August 21, 2020[1]

1.    Defendant Amazon.com Services LLC ("Amazon") is a global retail titan responsible for a large share of all online commercial transactions. Defendant Amazon

---

[1] Brian Huseman, *Amazon Stands Ready to Support AB 3262 if all Stores are Held to the Same Standard*, THE AMAZON BLOG (August 21, 2020), https://blog.aboutAmazon.com/policy/Amazon-stands-ready-to-support-ab-3262-if-all-stores-are-held-to-the-same-standards (accessed October 9, 2024).

2401046

claims customer safety as its highest priority. However, Amazon sells products that it knows – or through the exercise of reasonable care, should know – to be unreasonably dangerous to unexpecting consumers.

2.      Amazon sells first, then asks questions later. Before leaving the company in 2013, Amazon employee James Thomson oversaw third-party sellers who were allowed to set up seller accounts and sell products on Amazon.com. In a 2019 interview given to *The Wall Street Journal*, Thomson said, "We had an internal saying: Unless the product's on fire when we receive it, we should accept everything....Ultimately, consumers are the police of the platform."[2] However, Plaintiff MARIBEL RODRIGUEZ never agreed to be one of Amazon's test subjects for carelessly built and haphazard products.

3.      On or about February 9, 2024, Plaintiff purchased a set of two AIRXWILLS License Plate Frames[3] from Amazon (the "SUBJECT PRODUCT"). The license plate frames were delivered at some point thereafter. On March 19, 2024, Plaintiff removed the SUBJECT PRODUCT from its packaging. She was wiping down one of the license plate frames for the purpose of cleaning it when the unnecessarily dangerous sharp edge of the SUBJECT PRODUCT sliced horizontally and deep through the palmar aspect of Plaintiff's right index finger at the second knuckle (PIP joint). Plaintiff bled unabated in large spurts and sought immediate medical attention. She sustained nerve damage and required surgery.

4.      California strict products liability law aims to protect consumers from harm by holding companies accountable when they push dangerous products into the stream of commerce for profit. In that spirit, California courts now hold online retailers such as Amazon liable for harmful products sold through their website. *See Bolger v.*

---

[2] Safdar, *You Might be Buying Trash on Amazon – Literally*, WALL STREET JOURNAL (Dec. 18, 2019, 3:38 AM).

[3] "License Plate Frames, 2 Pcs 4 Holes Slim Stainless Steel Polish Mirror License Plate Frame + Chrome Screw Caps (Silver)." https://www.amazon.com/dp/B0C8TC51WZ/. (Accessed Oct. 9, 2024)

2401046

Page 2

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

*Amazon.com, LLC* (2020) 53 Cal.App.5th 431, 438 ("Whatever term we use to describe Amazon's role, be it 'retailer,' 'distributor,' or merely 'facilitator,' it was pivotal in bringing the product here to the consumer."). As the seller of the SUBJECT PRODUCT, Amazon is liable for the full extent of Plaintiff's injuries and associated damages.

## PARTIES, JURISDICTION, AND VENUE

5.    At all times relevant, Plaintiff MARIBEL RODRIGUEZ was and is a resident of Orange County, State of California.

6.    At all times relevant, Defendant AMAZON.COM SERVICES LLC was and is a Delaware Limited Liability Company, with its principal place of business in Seattle, Washington and doing business in the State of California, County of Orange.

7.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein designated as a DOE is negligently responsible in some manner for the events and happenings alleged herein and legally caused the injuries and damages alleged below.

8.    All of the facts and circumstances complained of herein occurred within the State of California or under circumstances such that this Superior Court has jurisdiction.

9.    This Court has personal jurisdiction over Amazon because its contacts with the State of California are systematic, continuous, and sufficient to subject it to personal jurisdiction in this Court. More specifically, Defendant has purposefully availed itself of the privilege of conducting business in this state by selling products here, including the SUBJECT PRODUCT.

10.    Venue is proper in this District pursuant to California Code of Civil Procedure section 395 because the relevant events giving rise to Plaintiffs' claims occurred in Orange County.

11.    Plaintiff is informed and believes and thereon alleges that at all times

2401046

Page 3

relevant, each of the Defendants was the agent, servant, and/or employee of the remaining Defendants, and at all times herein mentioned, each was acting within the time, place, and scope of said agency and employment.

12. At all times relevant, Amazon inspected, sold, advertised, distributed, and otherwise introduced into the stream of commerce the SUBJECT PRODUCT.

## FIRST CAUSE OF ACTION

### Negligent Product Liability

13. Plaintiff incorporates each and every allegation above as though fully set forth herein.

14. Defendants, and each of them, were engaged in the manufacture, design, testing, producing, inspecting, vending, distributing, introducing into interstate commerce, transporting in interstate commerce, advertising, selling, installing, and assembling and recommending for use to the general public the SUBJECT PRODUCT.

15. Defendants owed duties of care to actual and potential customers and consumers with respect to the SUBJECT PRODUCT. Such duties included but were not limited to: designing, formulating, manufacturing, distributing, selling, and providing the SUBJECT PRODUCT in a fashion that was safe to consumers; packaging the SUBJECT PRODUCT safely so as to reasonably minimize the potential for injury; labeling the SUBJECT PRODUCT so as to reasonably warn consumers of the potential for danger; and reasonably applying knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products.

16. Defendants knew or should have known that if the SUBJECT PRODUCT was not properly and carefully manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, warned, labeled, and signed prior to sale or distribution to consumers, it would, if used by a member of the general public, be a substantial factor in causing serious and permanent injury.

17. Defendants negligently and carelessly manufactured, designed, tested,

2401046

Page 4

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

maintained, inspected, installed, assembled, delivered, molded, labeled, warned, signed and sold the SUBJECT PRODUCT so that it was in a dangerous and defective condition and unsafe for the use and purposes for which it was intended. Specifically, the crude, rough, raw, unpolished, unreasonably sharp edges of the SUBJECT PRODUCT.

18. The condition of the SUBJECT PRODUCT was known to Defendants, and each of them, or should have been discovered by them through the exercise of ordinary care and reasonable diligence but was not disclosed or made known to purchasers or users of the SUBJECT PRODUCT, including, if applicable, Plaintiff.

19. At all times mentioned herein, purchasers or users of the SUBJECT PRODUCT had no knowledge of the defective condition of the SUBJECT PRODUCT or of any danger in the use of the SUBJECT PRODUCT.

20. As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff MARIBEL RODRIGUEZ suffered severe shock and injuries to her person. Plaintiff was also injured in her health, strength and activity, all to Plaintiff's general damage in a sum which will be shown according to proof.

21. As a further direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff was compelled to and did incur expenses for medical care, hospitalization, surgery, nursing and attendant care and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of the medical expenses, when ascertained, or to prove the amount at the time of trial.

22. As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff was disabled and was dismissed from her job as a direct result. She also may be disabled in the future and thereby be prevented from fulfilling the duties of her usual occupation. Plaintiff has therefore lost earnings and may continue to lose earnings in the future, all in amounts presently unknown. Plaintiff asks leave of court either to amend this complaint to show the amount of lost earnings,

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

when ascertained, or to prove the amount at the time of trial.

23.     The negligence and carelessness of the Defendants was a substantial factor in causing the injuries and damages alleged above.

## SECOND CAUSE OF ACTION

### Strict Product Liability - Design and Manufacturing Defect

24.     Plaintiff hereby incorporates by reference each and every allegation articulated above as though fully set forth herein.

25.     At the time that the SUBJECT PRODUCT left the control of Defendants, the SUBJECT PRODUCT was dangerous and defective as a result of design, manufacture, alteration, or modification by Defendants. The defects included, but are not limited to, dangerously sharp edges.

26.     At all times relevant, Defendants, and each of them, knew and intended that the SUBJECT PRODUCT would be purchased and used by members of the general public who would rely on Defendants to safely design, manufacture, market and distribute the SUBJECT PRODUCT in a safe manner and to transmit any relevant warnings about the product.

27.     At the time of the incident giving rise to this Complaint, the SUBJECT PRODUCT was being used in a manner and fashion that was foreseeable by Defendants, and each of them, and in a manner in which the SUBJECT PRODUCT was intended to be used.

28.     Defendants manufactured and designed the SUBJECT PRODUCT defectively or knew its manufacture or design was defective, or both, causing the SUBJECT PRODUCT to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

29.     In addition, the risks inherent in the design of the SUBJECT PRODUCT outweigh any benefits of that design. Alternative designs were available that would have eliminated the risk of injury to consumers at a low or negligible cost.

30.     As a legal result of the aforementioned dangerous and defective condition

2401046

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

of the SUBJECT PRODUCT, and failures by the Defendants to warn as alleged hereinabove, Plaintiffs were injured and suffered damage as alleged.

### THIRD CAUSE OF ACTION

### Strict Product Liability - Failure to Warn of Defective Condition

31.    Plaintiff incorporates each and every allegation above as though fully set forth herein.

32.    The SUBJECT PRODUCT was in a dangerous and defective condition when introduced into the stream of commerce by the Defendants. The SUBJECT PRODUCT was so defective that when used in a way that was reasonably foreseeable, the potential risks of the SUBJECT PRODUCT created a substantial danger to users of the SUBJECT PRODUCT and others and could and would cause those serious injuries.

33.    The SUBJECT PRODUCT had potential risks that were known or knowable by the use of scientific knowledge available at the time of manufacture, distribution and sale of the SUBJECT PRODUCT. Defendants knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to users of the SUBJECT PRODUCT because defendants possessed special knowledge of the materials, design, character and assemblage of the SUBJECT PRODUCT. Plaintiff and ordinary consumers would not recognize, nor have knowledge that the SUBJECT PRODUCT was dangerous and defective.

34.    Although possessed of special knowledge of the potential risks and substantial danger to users of the Product and others, defendants failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the SUBJECT PRODUCT.

35.    Plaintiff was harmed and suffered the injuries and damages alleged as a result of defendants' failure to adequately warn. The lack of sufficient warning or instructions was a substantial factor in causing Plaintiff's harm.

2401046

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

## DAMAGES

WHEREFORE, Plaintiff's prays for judgment against the Defendants, and each of them, as follows:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For loss of earnings, medical expenses, and all incidental expenses according to proof;

4.    For interest from the date of accident to the time of judgment;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiff demands trial by jury in the above-captioned matter.

Dated: July 15, 2025                          CASEY GERRY
                                              FRANCAVILLA BLATT LLP


                                              By:    /s/Howard D. Bruno
                                                     HOWARD D. BRUNO
                                                     Attorneys for Plaintiff

2401046

Page 8

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL